UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ESTATE OF BRENDA JOYCE
WASHINGTON, DECEASED,
BY: TRIVIEA WASHINGTON
PERSONAL REPRESENTATIVE,

          Plaintiff,

v.

MEMORIAL HOSPITAL OF SOUTH BEND, INC.,
JOHN F. KOBAYASHI, M.D.., CARDIOLOGY
ASSOCIATES, INC., MEMORIAL HEALTH SYSTEM,
d/b/a E. BLAIR WARNER FAMILY MEDICINE
CENTER, and TIMOTHY P. GERST, M.D.,
jointly and severally,

          Defendants.

CASE NO. 3:12CV 273

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

-FILED-

MAY 3 1 2012

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Sean W. Drew (P33851)
DREW LAW OFFICE
Attorney for Plaintiffs
Donahue Building
302 Sycamore Street
PO Box 880
Niles, MI 49120
(269) 683-5121
(269) 683-2195- facsimile
drewlaw@qtm.net

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES, Plaintiff, Estate of Brenda Joyce Washington, Deceased, by Triviea Washington, as Personal Representative of the Estate of Brenda Joyce Washington, Deceased, by and through her attorney, Sean W. Drew, Drew Law Office, and for her complaint against Defendants, Memorial Hospital of South Bend, Inc., John F. Kobayashi, M.D., Cardiology Associates, Inc., Memorial Health System d/b/a E. Blair Warner Family Medicine Center, and Timothy P. Gerst, M.D., jointly and severally, state as follows:

## JURISDICTION

1. This Court has jurisdiction to this action under the provisions of Title 28 of the United States Code § 1332 (a)(1), diversity jurisdiction. Plaintiff bring suit against each Defendant jointly and severally.

2. Each and every act or omission of Defendants as set forth here as to Plaintiff's decedent occurred within the County of St. Joseph, State of Indiana.

3. That on January 30, 2008, Triviea Washington, daughter of Brenda Joyce Washington, was appointed Personal Representative of the Estate of Brenda Joyce Washington, Deceased, by the Probate Court for the County of Berrien, State of Michigan, File Number 2008-0069-DE-M, with Letters of Authority being issued.

4. That Brenda Joyce Washington, Deceased, at all times pertinent hereto, was a citizen of Niles, County of Berrien, State of Michigan, United States of America, and was entitled to all rights, privileges and immunities accorded all residents of the County of Berrien, State of Michigan, United States of America.

5. That Defendant, Memorial Hospital of South Bend, Inc., is a duly licensed medical care provider providing medical services to individuals within the State of Indiana and to citizens

of the State of Michigan (Berrien and Cass Counties in particular), who travel to its medical facility(s) located on Michigan Avenue, City of South Bend, County of St. Joseph, and State of Indiana, and to Plaintiff's decedent, in particular.

6. That Defendant, Memorial Hospital of South Bend, Inc., is owned and operated by Defendant, Memorial Health Systems, Inc.; said corporation is registered in the State of Indiana, is a citizen of the State of Indiana 28 U.S.C. § 1332(c)(1).

7. That Defendant, John F. Kobayashi, M.D., is a citizen of the State of Indiana.

8. That Defendant, Cardiology Associates, Inc., is a citizen of the State of Indiana.

9. That Defendant, Memorial Health System, d/b/a E. Blair Warner Family Medicine Center, is a citizen of the State of Indiana.

10. That Defendant, Timothy P. Gerst, M.D., is a citizen of the State of Indiana.

11. That Defendants are a participating hospital within the meaning of 42 U.S.C.§1395 dd (e)(2), §1395 cc.

12. Plaintiff's decedent, Brenda Joyce Washington, a citizen of the County of Berrien, State of Michigan, United States of America, died within Memorial Hospital of South Bend, State of Indiana on February 23, 2007, and at the time of her death was 65 years of age.

13. The amount in controversy exceeds Seventy Five Thousand and no/100 ($75,000.00) exclusive of costs, interest, and attorney fees.

## COMMON ALLEGATIONS

1. That Plaintiff's decedent, Brenda Joyce Washington, was an adult single woman whose date of death is stated as February 23, 2007. An estate has been opened on her behalf with Triviea Washington, daughter of decedent, as Personal Representative of the Estate of Brenda Joyce Washington, Berrien County Trial Court - Family Division File #:

2008-0069-DE-M.

2. That Plaintiff's decedent, prior to her death, was a citizen of the State of Michigan, residing at 401 Pokagon Street, City of Niles, County of Berrien, State of Michigan.

3. That Defendant, Memorial Hospital of South Bend, Inc., is a duly licensed medical care provider providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (Berrien and Cass Counties in particular), who travel to Defendant's medical facility(s) located on Michigan Avenue, South Bend, County of St. Joseph, and State of Indiana, which owns and operates under the assumed named entities of Memorial Health Systems, Inc., and Memorial Health System, d/b/a E. Blair Warner Family Medicine Center, and to Plaintiffs' decedent, in particular.

4. That Defendant, Memorial Hospital of South Bend, Inc., is a duly licensed medical care provider providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (Berrien and Cass Counties in particular), who travel to its medical facility(s) located on Michigan Avenue, South Bend, County of St. Joseph, and State of Indiana, and to Plaintiff's decedent, in particular.

5. That Defendant, Memorial Hospital of South Bend, Inc., is owned and operated by Defendant, Memorial Health Systems, Inc.

6. That Defendant, John F. Kobayashi, M.D., is a duly licensed medical provider and at all relevant times hereto an agent or ostensible agent of Defendant, Memorial Hospital of South Bend, Inc., providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (in particular Berrien and Cass Counties), who travel to Defendant's medical facility(s), and to Plaintiff's decedent, in particular, and further that Defendant, Kobayashi, is an employee of Defendant, Cardiology Associates, Inc.

7. That Defendant, Cardiology Associates, Inc., is a duly licensed medical care provider providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (in particular Berrien and Cass Counties), who travel to Defendant's medical facility(s) at 621 Memorial Drive, South Bend, County of St. Joseph, and State of Indiana, and to Plaintiff's decedent, in particular.

8. That Defendant, Memorial Health System, d/b/a E. Blair Warner Family Medicine Center, is a duly licensed medical care provider providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (in particular Berrien and Cass Counties), who travel to Defendant's medical facility(s) on Michigan Avenue, South Bend, County of St. Joseph, and State of Indiana, and to Plaintiff's decedent, in particular.

9. That Defendant, Memorial Health System, d/b/a E. Blair Warner Family Medicine Center, is an assumed name owned and operated by Defendant, Memorial Health Systems, Inc.

10. That Defendant, Timothy P. Gerst, M.D., is a duly licensed medical provider and at all relevant times hereto an employee, agent, or ostensible agent of Defendant, Memorial Health System, d/b/a E. Blair Warner Family Medicine Center, providing medical services to individuals within the State of Indiana and to citizens of the State of Michigan (in particular Berrien and Cass Counties), who travel to Defendant's medical facility(s), and to Plaintiff's decedent, in particular.

11. That on or about February 21, 2007, at approximately 3:36 pm, Plaintiff's decedent presented to Defendant, Gerst, at his office within Defendant, Memorial Health System. d/b/a E. Blair Warner Family Medicine Center facility, as a follow up visit with complaints of chest pain, and as a result, an EKG was performed reflecting changes, discharge plan; admit to Memorial Hospital of South Bend, Inc. for observation.

12. That Plaintiff's decedent was admitted to Defendant, Memorial Hospital of South Bend, Inc., on February 22, 2007, at approximately 5:45 pm for purposes of observation and obtaining a cardiology consultation with Defendant, Kobayashi, with an anticipated cardiac catheterization. Plaintiff's decedent was placed on Heparin and an Integrilin drip.

13. That Defendant, Gerst, upon Plaintiff's decedent's admission, issued the following orders: Heparin drip per cardiology protocol, aspirin 325 mg daily, Integrilin, initially IV bolus followed by IV drip, consult with Dr. Kobayashi, as well as various labs and other medications.

14. That Plaintiff's decedent received her aspirin 325 mg at approximately 19:29:00, received the ordered Integrilin 14.4 mg at approximately 20:00:00, and as well, received the initial bolus Heparin 64 mL at approximately 20:31:00 on February 22, 2007.

15. That the initial coagulation lab report, February 22 at 6:25:45 pm reflected Aptt 29.3 seconds.

16. That Plaintiff's decedent received IV Heparin (250 mL) commencing at 20:30:00 on February 22, the third dosage of Heparin (12 mL) at 04:40:00 (2/23), and the final (fourth) dosage of Heparin (23 mL) at 06:37:00 (2/23).

17. That Plaintiff's decedent second coagulation lab results as taken February 23, 2007 at 02:15:20 am reflected Aptt Patient ›320.

18. That Plaintiff's decedent, following the initial bolus of Integrilin, supra, (75 mg) received her second dosage at 21:00:00, the third dosage was provided on February 23 at 02:00, a fourth dosage (51 mg) also at 02:00, and the final (fifth) dosage was received on February 23 at 06:40:00, 42.75 mL, the volume of 57 mL rate, 12.8 mL/hour.

19. That Plaintiff's decedent arrived at the Cardiac Catheterization Unit at approximately 07:55:00, February 23. The Heparin IV continued to drip at 12.8 cc/hour, right arm

together with the Integrilin left arm, at the rate of 12.0 cc/hour, she was alert, orientated, denying any chest pain or shortness of breath.

20. That Defendant, Kobayashi, ordered the Heparin to be discontinued and the same was completed at 08:24:26.

21. That Defendant, Kobayashi, began the catheterization procedure at 08:24:40.

22. That commencing at 08:29:31, it is indicated that Plaintiff's decedent is subject to intra procedural discomfort at right groin while attempting access, at 08:46:47, it is noted that Defendant, Kobayashi, is having difficulty gaining arterial access, two (2) attempts at the right femoral artery access, however, the wire could not be advanced into the right iliac artery, after two (2) attempts, attention was then directed toward the left femoral artery.

23. That at approximately 08:51:51, the Integrilin was discontinued by Defendant, Kobayashi.

24. That at approximately 08:55:26, Plaintiff's decedent started to complain of nausea and vomited dark red and brown emesis, immediately thereafter a call to lab for stat, CBC was made by Defendant, Kobayashi, thereafter the cath procedure was cancelled.

25. That at approximately 09:05:21, Plaintiff's decedent did not have any pulse with blood pressure being undetectable, IV fluids and dopamine (20 cc) were given, the dopamine was subsequently increased to 40 cc, at 09:07:43 pressure of 44 per doppler was found.

26. That Defendant, Gerst, arrived within the Cardiac Catheterization Unit at 09:11:23, shortly thereafter, Plaintiff's decedent's blood pressure was restored to 68/24.

27. That the CBC report ordered by Defendant, Kobayashi, was received and specifically the coagulation lab report reflected at 09:19:00, Aptt 130.3 seconds. The hemoglobin had dropped to 7.4, from the previous evening result of 13.4.

28. That at approximately 09:32, Plaintiff's decedent was transferred to the ICU, where she was intubated and infused with copious amount of blood product.

29. It was noted in the Cardiac Catheterization Unit that Plaintiff's decedent's abdomen was soft and not tender, following her admittance to ICU at approximately 09:35, Plaintiff's decedent's abdomen was noted as firm.

30. That Defendant, Kobayashi, in spite of this knowledge, did not feel the abdomen was the site of the bleed, attention and time were focused on investigation of a possible upper GI bleed.

31. At approximately four and one half (4 1/2) hours following the failed right femoral artery catheterization, a request was made for a CT scan of abdomen and pelvis with and without contrast, the same was undertaken at 01:24:40 pm, the opinion reflecting evidence of right inguinal hemorrhage as well as extensive retroperitoneal and intraperitoneal blood.

32. An additional two and one half (2 1/2) hours further pass following the CT scan, supra, before efforts were made to repair the hemorrhage, at approximately 03:52:45 pm, repair was undertaken by placement of a covered stent at the site of the hemorrhage, the distal right external iliac artery.

33. During the placement of the covered stent, Plaintiff's decedent went into cardiac arrest, advanced cardiac life support was initiated with CPR. Following the use of Epinephrine, significant amounts of bi-carb together with being shocked several times for ventricular fibrillation, Plaintiff's decedent regained a pulse, blood pressure was stabilized to the low 100's systolically.

34. During the subject repair, Plaintiff's decedent's hemoglobin dropped to 4.8, additional blood units were provided.

35. That Plaintiff's decedent's blood gasses continued to show significant acidosis. Plaintiff's decedent continued to receive additional amounts of blood product (totaling in excess of 20 units;) however, Plaintiff's decedent's pressures again began to decline. In light of her declining hemodynamic status and lack of neurological awakening, further transfusions and IV therapy were stopped. Plaintiff's decedent then subsequently died at approximately 7:35 p.m. on February 23, 2007.

36. That Defendants, Memorial Hospital of South Bend, Inc., John F. Kobayashi, M.D., Cardiology Associates, Inc., E. Blair Warner Family Medicine Center and Timothy P. Gerst, M.D., jointly and severally, failed to timely appear and failed to timely and properly assess, seek diagnostic testing and consults, and the institute immediate treatment to halt the hemorrhage in the distal right external iliac artery, given Plaintiff's decedent's then and there existing medical status.

37. That Plaintiff's decedent exhibited grossly abnormal physical abnormalities which were present and evident to Defendants in the course of their respective care and treatment, minimally from February 23, 2007 at 08:30:00 am forward.

38. That in light of the signs, symptoms, and conditions of Plaintiff's decedent, Defendants failed to comport themselves within the applicable standard(s) of care.

39. That despite the foregoing standard(s) of care, said Defendants, Memorial Hospital of South Bend, Inc., John F. Kobayashi, M.D., Cardiology Associates, Inc., E. Blair Warner Family Medicine Center and Timothy P. Gerst, M.D., jointly and severally, breached each and every standard of care in failing to properly assess and upon assessment, administer appropriate treatment, procedures, modalities, all of which caused Plaintiff's decedent's death.

WHEREFORE, Plaintiff's decedent respectfully request that this Honorable Court enter Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney fees.

Dated: May 31, 2012

Respectfully Submitted,

DREW LAW OFFICE

*/s/ Sean W. Drew*

Sean W. Drew
Attorney for Plaintiff's Decedent
 PO Box 880
 Niles, MI 49120
 269-683-5121
 269-683-2195 (fax)

**DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff's Decedent, THE ESTATE OF BRENDA JOYCE WASHINGTON, DECEASED by TREVIEA WASHINGTON, as Personal Representative, by and through their attorney, Sean W. Drew, of DREW LAW OFFICE, and hereby demands a trial by jury in the above captioned matter.

Dated: May 31, 2012

Respectfully Submitted,

DREW LAW OFFICE

*/s/ Sean W. Drew*

Sean W. Drew
Attorney for Plaintiff's Decedent
 PO Box 880
 Niles, MI 49120
 269-683-5121
 269-683-2195 (fax)